IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:17-CV-19-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br><br> v. <br><br> GRIFFIN'S PERSONAL PROPERTY, <br> SPECIFICALLY DESCRIBED AS: A 2010 <br> CADILLAC CTS, VIN: 1G6DP8EV8A0106278, <br> AND ANY AND ALL ATTACHMENTS <br> THEREON; AND ANY AND ALL PROCEEDS <br> FROM THE SALE OF SAID PROPERTY, <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | ORDER |

This matter is before the Court on the putative claimant's two motions [DE 20 and 21]. The motions are denied without prejudice for the following reasons.

On April 28, 2017, the government first sought forfeiture of the vehicle in this case. The government served the potential claimant, Harold Clyde Griffin, on May 30, 2017. Griffin, who is proceeding *pro se*, filed a motion indicating he had an interest of ownership in the property. [DE 12]. The Court construed the motion as an answer to the original complaint for forfeiture proceeding initiated by the government. [DE 14]. Griffin also filed a claim on the property. [DE 13]. That claim was not signed under the penalty of perjury, which is mandated by the Rule G(5)(a)(i)(c) of the Supplemental Rules for Certain Admiralty and Maritime Claims. The government then moved to strike Griffin's answer and claim because of this omission. [DE 17].

Rather than striking the claim and answer, this Court granted Griffin 14 days to file a new claim signed under penalty of perjury. [DE 19]. Instead of doing so, Griffin, or an unidentified third party who is not his lawyer, filed the two motions at DE 20 and DE 21. These motions,

which purport to ask for an extension, for appointment of counsel, and for copies of court documents without payment of fees, are flawed in the following three ways.

First, they are unsigned. Motions must be signed by either an attorney of record or the party. Fed. R. Civ. P. 11(a). Second, they appear to have been drafted by a third party, who is described in DE 21 as "my authorized amicus curiae." Parties must either proceed *pro se* or be represented by counsel. 28 U.S.C. § 1654; *see also United States v. Lawrence*, 605 F.2d 1321 (4th Cir. 1979). Third, both filings were described as ex parte, and claimant did not indicate that they have been served on the government. Written motions must be served on every party, unless there is a justifiable reason. Fed. R. Civ. P. 5(a)(1)(d); *see Collins v. Volz*, 2012 WL 2562500 at *4 (W.D.N.C. June 29, 2012). Claimant does not give any reason for why the government was not served, though the phrasing in DE 21 that the clerk should "provide all parties a copy of the motion" indicates the government receiving these filings is not a problem.

Accordingly, claimant's motions are DENIED WITHOUT PREJUDICE. Claimant has fourteen (14) days from the date of entry of this order to file a motion that rectifies the above errors. To be absolutely clear, claimant must sign his motion, it must be drafted either by himself or by counsel, and it must be properly served on the opposing party, here the government.

As the motion at issue here purported to request an extension of the original time granted to properly file a claim signed under penalty of perjury, that deadline is also extended fourteen (14) days. Further failure to comply with the Rules of Civil Procedure will result in the striking of his claim and answer.

SO ORDERED, this $\mathcal{Q}\mathcal{Y}$ day of April, 2018.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE