IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:17-CV-19-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| GRIFFIN'S PERSONAL PROPERTY, | ) | |
| SPECIFICALLY DESCRIBED AS: A 2010 | ) | |
| CADILLAC CTS, VIN: 1G6DP8EV8A0106278, | ) | |
| AND ANY AND ALL ATTACHMENTS | ) | |
| THEREON; AND ANY AND ALL PROCEEDS | ) | |
| FROM THE SALE OF SAID PROPERTY, | ) | |
|     Defendant. | ) | |

This matter is before the Court on the government's renewed motion to strike the putative claimant's claim and answer [DE 25], as well as the putative claimant's motion [DE 23]. For the following reasons, the government's motion is GRANTED and the claimant's motion is DENIED.

On April 28, 2017, the government first sought forfeiture of the vehicle in this case. The government served the potential claimant, Harold Clyde Griffin, on May 30, 2017. Griffin, who is proceeding *pro se*, filed a motion indicating he had an interest of ownership in the property. [DE 12]. The Court construed the motion as an answer to the original complaint for forfeiture proceeding initiated by the government. [DE 14]. Griffin also filed a claim on the property. [DE 13]. That claim was not signed under the penalty of perjury, which is mandated by the Rule G(5)(a)(i)(c) of the Supplemental Rules for Certain Admiralty and Maritime Claims. The government then moved to strike Griffin's answer and claim because of this omission. [DE 17].

Rather than striking the claim and answer, this Court granted Griffin 14 days to file a new claim signed under penalty of perjury. [DE 19]. Instead of doing so, Griffin, or an unidentified third party who is not his lawyer, filed the two motions asking for an extension, for appointment of counsel and for copies of court documents without payment of fees. [DE 20, 21]. The Court denied the motions without prejudice, granting Griffin an additional 14 days to file a proper motion. [DE 22]. Griffin then filed the instant motion. [DE 23].

Griffin's motion, unlike his previous motions, was signed under penalty of perjury and served on the government, thought it was filed outside of the 14-day window granted by this Court. The fundamental flaw in the motion, though, is that it is not a claim. *See* Supplemental Rule G(5)(a)(i)(A)-(B). In fact, it does not appear to move for anything at all.

Griffin has still never filed a proper claim, despite repeated warnings from this Court that failure to do so would result in the striking of his claim and answer. [DE 19; DE 22]. For that reason, Griffin's purported claim is stricken for failure to comply with Supplemental Rule G(5)(a), and so Griffin's answer is stricken for lack of standing, in keeping with Rule G(8)(i)(B). The government's renewed motion to strike is GRANTED [DE 25]. The government's previous motion to strike [DE 17] is DENIED AS MOOT. Griffin's motion [DE 23] is DENIED.


SO ORDERED, this 23 day of August, 2018.

                                          TERRENCE W. BOYLE
                                          UNITED STATES DISTRICT JUDGE